

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MANZO ORTEGA, Petitioner, v. JUDGE TIMOTHY B. WALSH, Respondent. | Case No.: 17cv1107 BEN (JLB) **ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On May 30, 2017, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus in this Court. (ECF No. 1). The Court dismissed the action on June 20, 2017, because Petitioner had failed to satisfy the filing fee requirement and had failed to name a proper respondent or use the proper form. (ECF No. 3.) Petitioner was given until August 14, 2017 to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and submit a First Amended Petition that cured the pleading deficiencies outlined in the Court's Order. (*Id.*)

On July 11, 2017, the Court granted Petitioner in forma pauperis status after he submitted a trust account statement that indicated he was unable to pay the $5.00 filing fee. (ECF No. 6.) Petitioner was reminded that he was still required to file a First Amended Petition by August 14, 2017 in order to proceed with the case. (*Id.*) On August 6, 2018, Petitioner constructively filed a First Amended Petition. (ECF No. 8.)

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has again failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Judge Timothy Walsh" as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

///

## **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254; *see also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). Although Petitioner does not fail to state factual allegations in the Petition, he does fail to state any grounds for relief in the Petition.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). The Court finds that the Petition contains conclusory allegations without any grounds for relief. A federal court may not entertain a petition that contains allegations which are conclusory.

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its attachments. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *See Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990); *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Hendricks*, 908 F.3d at 491-92. Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

Due to Petitioner's unsatisfactory showing, the Court dismisses the action without prejudice. Should Petitioner decide to file a new petition, he is advised to clearly and

3

17cv1107 BEN (JLB)

succinctly state all grounds for relief using the Second Amended Petition form sent to Petitioner with this order.

## CONCLUSION

Accordingly, the Court **DISMISSES** the Petition without prejudice and with leave to amend. To have this case reopened, Petitioner must, no later than October 26, 2018, file a Second Amended Petition that cures the pleading deficiencies outlined in this Order.

DATED: 8/24/2018

Roger T. Benitez
United States District Court